IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

PHELICEA M. REDD,                    )
                                     )
        *Plaintiff,*                 )
                                     )
    v.                               )        No. 1:25-cv-373 (PTG/LRV)
                                     )
BRIAN L. HOLLANDSWORTH,              )
                                     )
        *Defendant.*                 )

## MEMORANDUM ORDER

This matter is before the Court on Defendant Lieutenant Colonel Brian L. Hollandsworth's

Motions to Quash Preliminary Protective Order and to Dismiss. Dkts. 3, 4. Plaintiff Phelicea M.

Redd served as an active-duty Army soldier until November 30, 2024. Dkt. 2-3.[1] Defendant is a

Lieutenant Commander in the U.S. Army and was previously in the chain of command for Plaintiff.

Dkt. 5-1 (Hollandsworth Decl.) ¶¶ 1-2. On January 17, 2025, Plaintiff, proceeding *pro se*, filed an

application for a protective order against Defendant in the Arlington County General District

Court. Dkt. 2-1. Plaintiff's intake form for the protective order describes two incidents between

her and Defendant. *Id.* at 5. First, in March 2024, while Plaintiff was still an active-duty soldier

and Defendant was in Plaintiff's chain of command, Plaintiff stated that Defendant, whom she

"had never met," "illegally obtained" her address. *Id.* Defendant allegedly "showed up at [her]

door, told [her] that he was in charge of [her] and demanded that [she] receive a psychiatric

evaluation," followed by "threats to have [her] arrested." *Id.* Second, in January 2025, Plaintiff

claims that she "received a letter in the mail from [Defendant], threatening to steal money" if she

---

[1] Because this matter is before the Court on a Rule 12(b)(1) to dismiss for lack of subject matter
jurisdiction, the Court may consider exhibits outside the pleadings. *Williams v. United States*, 50
F.3d 299, 304 (4th Cir. 1995).

did not respond. *Id.* The Arlington County General District Court granted the preliminary protective order, finding that "[t]he petition has been supported by an affidavit or sworn testimony." *Id.* at 2. The court ordered Defendant to appear on January 31, 2025, for a full hearing. *Id.* At the hearing, the judge granted a continuance to February 28, 2025, and extended the preliminary protective order. Dkt. 2-2.

On February 27, 2025, Defendant removed the matter to this Court pursuant to 28 U.S.C. § 1442(a). Dkt. 1. On February 28, 2025, Defendant appeared before the Arlington County General District Court and informed it that the action had been removed; accordingly, no hearing was held that day. Dkt. 5 at 7; *see also* Dkt. 8 at 1 (state court order transferring the case records to federal court upon "just and proper" removal). Defendant now seeks to quash the preliminary protective order and dismiss this matter for lack of subject matter jurisdiction over Plaintiff's claim. Dkt. 3, 4; Fed. R. Civ. P. 12(b)(1). On March 14, 2025, the Court entered an order notifying Plaintiff that she had twenty-one days (21) days from the entry of the order to file an opposition to Defendant's Motion. Dkt. 7; *see also Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). It further advised Plaintiff that the Court could dismiss some or all of Plaintiff's claims based on Defendant's papers if Plaintiff did not file a response. *Id.* To date, Plaintiff has failed to file a response to Defendant's Motions. The Court is obligated "to ensure that dismissal is proper" even when a motion to dismiss is unopposed. *Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 416 n.3 (4th Cir. 2014). The Court will therefore resolve the Motions on Defendant's papers. For the reasons that follow, the Court will grant Defendant's Motions.

### Legal Standard

Federal district courts are courts of limited subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Lack of subject matter jurisdiction is raised in a motion under Federal Rule of Civil Procedure 12(b)(1). *See Williams v. United States*, 50

2

F.3d 299, 304 (4th Cir. 1994). When a defendant challenges subject matter jurisdiction, the plaintiff bears the burden of establishing that subject matter jurisdiction is proper by a preponderance of the evidence. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Brickwood Contractors, Inc. v. Datanet Eng'g*, 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court."); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (noting that in this Circuit, "a federal court is obligated to dismiss a case whenever it appears the court lacks subject matter jurisdiction"). "[A] dismissal for lack of subject matter jurisdiction 'must be one without prejudice, because a court that lack jurisdiction has no power to adjudicate and dispose of a claim on the merits.'" *Womack v. Owens*, 736 F. App'x 356, 357 (4th Cir. 2018) (quoting *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013)).

## Discussion

Defendant seeks to dismiss Plaintiff's request for a protective order for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and to quash the preliminary protective order issued in the state court. Dkts. 3, 4. The Court addresses each issue in turn.

First, Defendant avers that this Court lacks subject matter jurisdiction because the United States has not waived sovereign immunity here. Dkt. 5 at 14-15. The Court agrees. Government "officers acting within their authority generally . . . receive sovereign immunity," thus shielding them from suit, unless a waiver applies. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Here, Plaintiff's allegations against Defendant concern actions he took while acting within his authority as Plaintiff's chain of

command. *See* Dkt. 2-1. Accordingly, the Court finds that this is a suit against the United States, such that sovereign immunity shields Defendant. Plaintiff has not demonstrated that an express waiver of sovereign immunity applies here. Indeed, "[f]ederal courts regularly dismiss removed state court petitions for restraining orders . . . when such petitions are based on alleged misconduct in the workplace and seek to restrain the conduct of a co-worker at a federal office." *Simon v. O'Malley*, No. 1:23-cv-335, 2024 WL 779603, at *3 (E.D. Va. Feb. 26, 2024) (quoting *Chambers v. Reid*, 2019 WL 1992348, at *2 (D. Md. May 6, 2019)); *see also Hendy v. Bello*, 555 F. App'x 224, 226-27 (4th Cir. 2014) (asserting that waiver of sovereign immunity for state protective order against federal supervisor would be "inconsistent with the principle of federal supremacy to allow such interference with the performance of a federal employee's duties."). Therefore, the Court will dismiss this suit for lack of jurisdiction.[2]

Second, Defendant requests that the Court quash the preliminary protective order because the Arlington County General District Court "lacked jurisdiction to restrain LTC Hollandsworth, a federal officer, from performing his federal duties." Dkt. 5 at 8. At the outset, Defendant asserts that it is an open question as to whether the preliminary protective order is still in force or expired. *Id*. Virginia law provides that a preliminary protective order remains active until a full hearing is heard. *See* Va. Code Ann. §§ 19.2-152.9(B); 159.10. The hearing must be held within 15 days of the preliminary protective order unless the hearing is continued or the court is closed. *Id.* The Virginia Attorney General has further advised: "As with most orders of the court, protective orders remain in effect until they are modified or dissolved by the court, terminate under operation of

---

[2] Because sovereign immunity disposes of the case, the Court does not address Defendant's argument on derivative jurisdiction. *See* Dkt. 5 at 15 (arguing the Court "lacks derivative jurisdiction on removal to consider this matter beyond quashing the illegitimate preliminary protective order.").

law, or expire by their own terms." 2019 WL 7900554, at *1 (Va. A.G. Dec. 20, 2019). Here, the Arlington County General District Court never dissolved the preliminary protective order after it was removed to federal court. *See Simon*, 2024 WL 779603, at *3 (finding challenge to the order moot where the Alexandria General District Court stated at a hearing that it lacked jurisdiction on the petition following federal removal and "that the preliminary protective order would therefore expire on its own."). Nor do the terms of the preliminary protective order indicate that it has expired. *See* Dkts. 2-1, 2-2. Furthermore, as Defendant contends, it is not clear in the Virginia Code whether removal to federal court terminates the protective order automatically. Dkt. 5 at 8. Accordingly, the Court agrees with Defendant that the current status of the preliminary protective order is unclear under Virginia law.

Nevertheless, the Court finds that because sovereign immunity shields Defendant, the Arlington County General District Court lacked jurisdiction in the first instance to issue a preliminary protective order against Defendant. *See supra* pp. 3-4. Accordingly, to the extent the preliminary protective order is still effective, the Court will quash the order.

Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) is **GRANTED**; it is further

**ORDERED** that Plaintiff's petition for a protective order is **DISMISSED without prejudice**; it is further

**ORDERED** that Defendant's Motion to Quash the Preliminary Protective Order is **GRANTED**; and it is further

**ORDERED** that the preliminary protective order is **TERMINATED**.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 60 days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order that Plaintiffs wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

Entered this _4th_ day of November, 2025.
Alexandria, Virginia

Patricia Tolliver Giles
United States District Judge